FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2017 FEB 17  PM 3: 37

CLERK ... ... ... ...
WESTERN ... ... ...
BY_____

| | | |
|---|---|---|
| IN RE: WBH ENERGY, LP, WBH | § | |
| ENERGY PARTNERS LLC, WBH | § | |
| ENERGY GP, LLC | § | |
| | § | |
| U.S. ENERGY DEVELOPMENT | § | |
| CORPORATION, | § | |
| APPELLANT, | § | CAUSE NO. 1:16-CV-884-LY |
| | § | |
| V. | § | |
| | § | |
| CL III FUNDING HOLDING | § | |
| COMPANY, LLC, | § | |
| APPELLEE. | § | |

## MEMORANDUM OPINION AND ORDER

This cause is an appeal of two orders entered on May 20, 2016, by the United States Bankruptcy Court for the Western District of Texas, Austin Division.  Before the court are Appellant's Brief filed August 19, 2016 (Clerk's Doc. No. 8), Appellees' Brief filed September 19, 2016 (Clerk's Doc. No. 9), and Appellant's Reply Brief filed October 19, 2016 (Clerk's Doc. No. 10).  On November 21, 2016, the court entertained oral argument, at which all parties were represented by counsel.  Having carefully considered the briefs, argument of counsel, applicable law, and record on appeal, the court concludes that the bankruptcy court's orders should be affirmed for the reasons to follow.

### I. Background

In September 2011, WBH Energy LLC ("Debtor LLC") entered into a Joint Operating Agreement (the "Operating Agreement") with WBH Energy LP ("Debtor LP") and U.S. Energy Development Corporation ("U.S. Energy"), under which Debtor LLC was the operator, and

1

Debtor LP and U.S. Energy were the working interest owners. WBH Energy GP, LLC ("Debtor GP") was the general partner of Debtor LLC, but is not a party to the Operating Agreement. The Operating Agreement contains the following provision:

> <u>Costs and Attorneys' Fees</u>:  In the event any party is required to bring legal proceedings to enforce any financial obligation of a party hereunder, the prevailing party in such action shall be entitled to recover all court costs, costs of collection, and a reasonable attorney's fee, which the lien provided for herein shall also secure.

U.S. Energy brought suit in state court in December 2014 against Debtor LP and Debtor LLC, seeking to remove Debtor LLC as operator under the Operating Agreement (the "State Court Proceeding").  U.S. Energy obtained a temporary restraining order at the beginning of the case in December 2014, and ultimately voluntarily dismissed the case.

On January 4, 2015, Debtor LP, Debtor LLC, and Debtor GP (collectively, "Debtors") each voluntarily filed for bankruptcy under Chapter 11 of the Bankruptcy Code ("Bankruptcy Proceeding").  The cases are jointly administered.

U.S. Energy later filed an adversary proceeding in the bankruptcy court to remove Debtor LLC as operator under the Operating Agreement ("Operator Adversary Proceeding").  U.S. Energy obtained a preliminary injunction in the bankruptcy court removing Debtor LLC as operator.  The proceeding was ultimately dismissed pursuant to an agreement between U.S. Energy and the Debtors.

U.S. Energy also filed an action in interpleader in the bankruptcy court to resolve billings U.S. Energy owed to Debtor LLC ("Interpleader Adversary Proceeding").  The interpleader action was disposed of by an agreed final judgment.

On September 9, 2015, Debtors sold substantially all of their assets to CL III Funding Holding Company, LLC ("CL III") pursuant to a sale approved by the bankruptcy court.

In May 2015, U.S. Energy submitted to the bankruptcy court claims against Debtors in the amount of $11,400,000 for attorney's fees. U.S. Energy based its claims on the Costs-and-Attorneys'-Fees provision of the Operating Agreement and asserted a lien on the assets of the Debtors based on U.S. Energy's alleged entitlement to attorney's fees. As then-owner of Debtors' assets, CL III objected to the allowance of the claims. On May 20, 2016, the bankruptcy court rendered orders granting CL III's objections and denying U.S. Energy's claims, which U.S. Energy now appeals.

## II. Standard of Review

On appeal, this court may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand the matter at issue with instructions to the bankruptcy court to conduct further proceedings. *See* Fed. R. Bankr. 8013. The district court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and conclusions of law *de novo*. *Matter of Berryman Products, Inc.*, 159 F.3d 941, 943 (5th Cir. 1998). Mixed questions of fact and law are subject to *de novo* review. *In re CPDC, Inc.*, 337 F.3d 436, 441 (5th Cir. 2003).

## III. Analysis

U.S. Energy argues that the bankruptcy court erred in granting the objections of CL III and denying the secured claim of U.S. Energy to recover attorney's fees. U.S. Energy disputes the bankruptcy court's conclusion that U.S. Energy was not entitled to attorney's fees under the terms of the Operating Agreement.

3

The Operating Agreement states, "[t]his agreement and all matters pertaining hereto, including but not limited to matters of . . . remedies . . . and interpretation or construction, shall be governed and determined by the law of the state in which the Contract Area is located." The Contract Areas as defined in the contract are all in the state of Texas. The court will therefore apply Texas law. *See DeSantis v. Wackenhurt Corp.*, 793 S.W.2d 670, 677 (Tex. 1990).

Under Texas law, contracting parties may set their own standard for recovery of attorney's fees. *Intercontinental Group Partnership v. KB Home Lone Star*, 295 S.W.3d 650, 653 (Tex. 2009); *Hometown 2006-1 1925 Valley View v. Prime Income Asset Management*, 595 F. App'x 306, 313 (5th Cir. 2014). To determine whether U.S. Energy is entitled to attorney's fees, this court will look to the requirements set by the parties in the Operating Agreement.

In order for U.S. Energy to recover costs and attorney's fees under the Operating Agreement, U.S. Energy must: (1) be required (2) to bring a legal proceeding (3) to enforce a financial obligation, and (4) be the prevailing party of those proceedings. U.S. Energy cites four proceedings as the basis of U.S. Energy's entitlement to costs and attorney's fees: the State Court Proceeding, the Operator Adversary Proceeding, the Bankruptcy Proceeding, and the Interpleader Adversary Proceeding.

## A. State Court Proceeding and Operator Adversary Proceeding

In the State Court Proceeding and Bankruptcy Operator Adversary Proceeding, U.S. Energy sought to remove Debtor LLC as operator. First, U.S. Energy did not bring these proceedings for the purpose of enforcing a financial obligation. The bankruptcy court referred to Black's Law Dictionary and Merriam-Webster Dictionary to determine that "financial

4

obligation" means a "monetary or pecuniary obligation." U.S. Energy disputes the bankruptcy court's definition, saying that the court effectively construed the term to require U.S. Energy to obtain a monetary payment. U.S. Energy argues that a financial obligation is not necessarily an obligation involving payment.

At the beginning of the section containing the Costs-and-Attorneys'-Fees provision, the Operating Agreement states, "[i]f any party fails to discharge any *financial obligation* under this agreement . . . within the period required for *such payment* hereunder . . . the remedies specified below shall be applicable" (emphasis added). The court concludes that under the terms of the Operating Agreement, a financial obligation means an obligation involving payment. The main issue and relief sought and obtained by U.S. Energy in both the State Court Proceeding and Operator Adversary Proceeding were to remove Debtor LLC as operator and have U.S. Energy named as successor operator. U.S. Energy does not dispute this. The court in each proceeding ordered only injunctive relief, and neither court ordered a monetary judgment.

Second, U.S. Energy argues that U.S. Energy did enforce a financial obligation because it was necessary for U.S. Energy to become operator in order to *subsequently* enforce the financial obligations of Debtor LLC and Debtor LP. Even before it became operator, U.S. Energy could have brought a proceeding to enforce Debtor LP and Debtor LLC's financial obligations. Under the Operating Agreement, "non-defaulting parties . . . may sue . . . to collect the amounts in default." U.S. Energy therefore was not *required* to bring the operator removal proceedings to enforce a financial obligation as required under the Operating Agreement for a party to be entitled to attorney's fees.

The court concludes U.S. Energy was not required to bring the State Court Proceeding or the Operator Adversary Proceeding for the purpose of enforcing a financial obligation, and that the proceedings were not brought to enforce a financial obligation. U.S. Energy therefore fails to meet the first and third requirements of the Costs-and-Attorneys'-Fees provision of the Operating Agreement.

## B.  Bankruptcy Proceeding

The next proceeding U.S. Energy points to is the Bankruptcy Proceeding. U.S. Energy asserts that it prevailed in that proceeding because the Confirmed Plan of Reorganization rendered by the bankruptcy court continued U.S. Energy's status as substitute operator. However, the Confirmed Plan of Reorganization resulted from the Debtors' voluntary petitions for relief. U.S. Energy did not bring the bankruptcy proceeding and therefore fails the second requirement to recover costs and attorney's fees under the Operating Agreement.

## C.  Interpleader Adversary Proceeding

Finally, U.S. Energy asserts it is entitled to costs and attorney's fees because U.S. Energy brought an interpleader action to determine the appropriate payment for approximately $1.9 million representing joint-interest billings that U.S. Energy admits it owed to Debtor LLC. The proceeding resulted in an agreed final judgment pursuant to which the court distributed funds deposited by U.S. Energy into the court registry to creditors of Debtor LLC. U.S. Energy did not bring the Interpleader Adversary Proceeding to *enforce* an obligation, but to determine the proper payees for its own obligation. U.S. Energy therefore fails to meet the third requirement of the Costs-and-Attorneys'-Fees provision with regard to the Interpleader Adversary Proceeding.

### III. Conclusion

U.S. Energy is not entitled to recover attorney's fees because U.S. Energy has not identified proceedings that meet the requirement for an award of attorney's fees under the Operating Agreement.   Accordingly, the court concludes that the bankruptcy court correctly granted objections filed by CL III to the secured claims of U.S. Energy.

**IT IS THEREFORE ORDERED** that the Opinion on Consolidated Objections to U.S. Energy Development Corporation Claims and Order Granting Consolidated Objections to U.S. Energy Development Corporation Claims, each rendered by the United States Bankruptcy Court for the Western District of Texas, Austin Division on May 20, 2016, are **AFFIRMED**.

SIGNED this *17th* day of February, 2017.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE